IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES W. REED, III, #311-389 <br> aka DWIGHT BYRD, <br>        Plaintiff | * <br><br> * |
| v. | * CIVIL ACTION NO. CCB-05-1216 |
| WARDEN MCAC, et al., <br>        Defendants | * |

******

**MEMORANDUM**

On May 3, 2005, the court received correspondence from plaintiff which was construed as a civil rights complaint seeking injunctive relief and filed pursuant to 42 U.S.C. § 1983. Plaintiff alleged that prison officials subjected him to excessive force including the use of pepper spray and tasers. Plaintiff further stated that he was denied medical care, meals, recreation, and showers, and that he had been held in full restraints for days at a time. Paper No. 1.

Given plaintiff's allegations concerning his safety, the court directed defendant to file an immediate response to the complaint. Based upon Warden Lehrman Dotson's response (Paper No. 12), plaintiff's request for injunctive relief was denied and plaintiff was given an opportunity to supplement his complaint. Paper No. 14.

Plaintiff filed a supplemental complaint and defendants were directed to respond. Paper Nos. 17 and 20. Defendants now move for summary judgment against plaintiff. Paper No. 35. Plaintiff has filed an opposition.[1] Paper No. 39. No hearing is necessary. Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by defendants, treated as a motion for

---

[1] The court is in receipt of plaintiff's Motion to Amend the Motion for Temporary Restraining Order (Paper No. 34), wherein he complains that an inmate housed next to him is being used by the Chief of Security to retaliate against him. The motion shall be denied as the allegations in the motion contain a very different set of facts from those contained in this complaint. If plaintiff believes that his civil rights are being violated by the conduct of the Chief of Security, he may file a new civil rights complaint.

summary judgment, will be denied.

## Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Not every factual dispute will defeat the motion. As the Supreme Court has stated,

> [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the court now examines plaintiff's claims.

## Background

Plaintiff alleges that on April 8, 2005, he and other inmates housed at MCAC were engaged in a protest concerning the denial of meals by prison staff. In response, a cell extraction team sprayed plaintiff with pepper spray, shot him with a taser gun, and assaulted him. He states that he

was placed in full restraints for four days and denied medical care, food, and use of the bathroom. Paper No. 17.

**Analysis**

Defendants' motion for summary judgment rests on the contention that this action should be dismissed in its entirety due to plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Woodford v. Ngo*, 126 S.Ct. 2378, 2382-83 (2006) (exhaustion of administrative remedies is mandatory and must be proper). The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002)  Thus, the exhaustion provision plainly extends to plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where the plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for

3

failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If this request is denied, a prisoner has ten calendar days to file an appeal with the Commission of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The uncontroverted evidence shows that on April 30, 2005, plaintiff wrote to the Executive Director of the Inmate Grievance Office (IGO) attempting to file a grievance regarding the April 8, 2005, incidents at MCAC. Paper No. 35, Ex. 1 and Ex. 2. The IGO determined that plaintiff had failed to present the grievance through the ARP process and, accordingly, the April 30, 2005, grievance sent to the IGO was dismissed. The dismissal letter advised plaintiff that it was his responsibility to file an ARP at MCAC and gave him an additional 15 days to file an ARP. *Id*., Ex. 3.

Defendants maintain that plaintiff never filed an ARP regarding the April 8, 2005, incident. *Id*., Ex. 4 Declaration of Donna Hansen. Defendants' contention is flatly contradicted by plaintiff, who has attached the original ARP filed by him on April 30, 2005, concerning the April 8, 2005, extraction. Paper No. 39, Ex. 1. The ARP was dismissed as untimely, despite the IGO having granted him an additional fifteen days to file his ARP and plaintiff's allegations, contained in the ARP, that he was physically unable to file a timely ARP due to his having been restrained in

handcuffs, shackles, waist chain and black box from April 8, 2005, until April 12, 2005, at which time he was transferred to the Patuxent Institution for psychiatric care. Plaintiff further states in the ARP that he did not return to MCAC until April 19, 2005, where he again was placed in full restraints until April 25, 2005. He states that during this time he was deprived of all property. *Id*. Plaintiff reiterates these contentions in his supplemental complaint and his opposition to defendants' motion for summary judgment, both of which have been filed under the penalties of perjury. Paper Nos. 17 and 39. Plaintiff further avers in his opposition to defendants' summary judgment motion that he did appeal the denial of his ARP, but he never received a response. Paper No. 39. Given the information before the court, the court cannot say that plaintiff did not exhaust his "available" remedies or that defendants did not frustrate his efforts at exhaustion. *See Taylor v. Barnett*, 105 F.Supp.2d 483, 486 (E.D. Va. 2000). Moreover, the Eighth Amendment issues remain unanswered by the parties' submissions. Accordingly, summary judgment shall be denied by way of a separate Order.


  July 27, 2006                                         /s/
Date                                           Catherine C. Blake
                                               United States District Judge