IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES W. REED, III, #1366669, | * |
| aka Dwight Byrd | |
|     Plaintiff, | * |
| | |
|   v. | *  CIVIL ACTION NO. CCB-05-1216 |
| | |
| WARDEN, MCAC, et al., | * |
| | |
|     Defendants. | * |

********

## MEMORANDUM

On May 3, 2005, the court received correspondence from plaintiff Charles W. Reed, III, which was construed as a civil rights complaint seeking injunctive relief and filed pursuant to 42 U.S.C. § 1983. Reed alleged that prison officials subjected him to excessive force including the use of pepper spray and tasers. Reed further stated that he was denied medical care, meals, recreation, and showers, and that he had been held in full restraints for days at a time. Paper No. 1.

Given Reed's allegations concerning his safety, the court directed the Warden to file an immediate response to the complaint. Based upon this response (Paper No. 12), Reed's request for injunctive relief was denied and he was given an opportunity to supplement his complaint. Paper No. 14.

Reed filed a supplemental complaint, and defendants were directed to respond. Paper Nos. 17 and 20. Defendants moved for summary judgment based solely on the contention that Reed had failed to exhaust his administrative remedies. Paper No. 35. This dispositive motion was denied on July 27, 2006, and defendants were directed to answer the complaint.

On December 8, 2006, defendants filed a motion for summary judgment substantively addressing Reed's complaints.  Paper No. 53.  Reed, now incarcerated in Texas, has filed an opposition. Paper No. 62.    No hearing is necessary.  Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, the dispositive motion filed by defendants, treated as a motion for summary judgment, will be denied.

## Background

Reed alleges that on April 8, 2005,  he and other inmates housed at MCAC were engaged in a protest concerning the denial of meals by prison staff.   In response, a cell extraction team sprayed plaintiff with pepper spray, shot him with a taser gun, and assaulted him.  He states that he was placed in full restraints for four days and denied medical care, food, and use of the bathroom.  Paper Nos. 17 and 62.

## Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Not every factual dispute will defeat the motion.  As the Supreme Court has stated, "[b]y its very terms, this standard provides that the mere existence of *some*  alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest

upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses do not proceed to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)).

In the instant case, it is plaintiff's responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.[1] This he has done. There are genuine disputes of material fact concerning the cell extraction that

---

[1] A claim of excessive force involves both objective and subjective elements. *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998). The subjective element is analyzed to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) The objective element is met if the officers' actions were harmful enough to offend contemporary standards of decency. *Id*. at 8. In making these determinations, a court must look at the need for the application of force, the relationship between the need and the amount of force applied, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). Thus, in an Eighth Amendment claim based on prison conditions, a prisoner must prove that prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (quotations omitted). Specifically, prison officials must consciously disregard a substantial risk of serious harm to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 32 (1993). Moreover, "on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

occurred on April 8, 2005, including questions regarding the type of force applied, the need for such force, and whether the injuries were de minimis. There are additional genuine disputes of material fact concerning Reed's confinement in isolation from April 8-12, 2005, including: the duration of time he spent on "the hook" and the necessity for employing it; the number of meals provided to Reed; and what, if any, access he was provided to basic hygiene facilities and medical care. Additionally, no explanation has been provided regarding Reed's transfer to the Patuxent Institution from April 12-19, 2005, the treatment he received there, and the necessity for his being placed in restraints upon his return to MCAC on April 19, 2005. Further, if the force and conditions of confinement were applied in the manner alleged by Reed, qualified immunity would not apply.

Accordingly, summary judgment cannot be granted at this time. Counsel shall be appointed for the plaintiff. A separate Order follows.

| | |
|---|---|
|   May 18, 2007   |       /s/       |
| Date | Catherine C. Blake |
| | United States District Judge |